**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3550-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL S. BEZAK,

     Defendant-Appellant.

_____

          Submitted May 15, 2019 – Decided July 17, 2019

          Before Judges Vernoia and Moynihan.

          On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket Nos. 98-07-0932 and 14-09-2429.

          Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

          Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Michael Bezak appeals from the court's order denying without an evidentiary hearing his post-conviction relief (PCR) petition related to two indictments. Defendant was charged under Indictment 98-07-0932 with second-degree sexual assault, N.J.S.A. 2C:14-2(c) (count one) and fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (count two). He pleaded guilty to the amended charge of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), as well as two counts of third-degree burglary, N.J.S.A. 2C:18-2 (counts three and five) under a separate indictment – Indictment 98-06-0820 – which originally charged two counts of third-degree theft, N.J.S.A. 2C:20-3 (counts one and two), two counts of third-degree burglary, N.J.S.A. 2C:18-2 (counts three and five), third-degree criminal mischief, N.J.S.A. 2C:17-3 (count four), and fourth-degree receiving stolen property, N.J.S.A. 2C:20-7 (count six). He was sentenced on November 13, 1998, in accordance with the State's recommended plea offer to an aggregate three-year State prison term, with sentences on all charges running concurrent to each other. He was also sentenced to comply with Megan's Law, N.J.S.A. 2C:7-1 to -23, and to community supervision for life (CSL), N.J.S.A. 2C:43-6.4.

In 2014 he pleaded guilty to the sole count in Indictment 14-09-2429, fourth-degree violation of condition on special sentence, N.J.S.A. 2C:43-6.4(d),

and was sentenced on January 9, 2015, pursuant to a plea agreement, to time served. He filed a PCR petition on October 9, 2015, the denial of which we review de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). On appeal, he argues:

> POINT I
>
> THE IMPOSITION OF COMMUNITY SUPERVISION FOR LIFE MUST BE ELIMINATED FROM [DEFENDANT'S] SENTENCE AND HIS CONVICTIONS FOR VIOLATING CONDITIONS OF COMMUNITY SUPERVISION FOR LIFE MUST BE REVERSED.
>
> POINT II
>
> IN THE ALTERNATIVE, [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING THE IMPOSITION AND SUBSEQUENT EFFECTS OF COMMUNITY SUPERVISION FOR LIFE.
>
> POINT III
>
> THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION FOR INDICTMENT NUMBER 98-07-0932 WAS TIME BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR

3

WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

We are unpersuaded by defendant's arguments and affirm.

Defendant's substantive PCR arguments center on the imposition of CSL by the 1998 sentencing court: the court did not mention or explain CSL or its conditions and, thus, defendant was uninformed about the full consequences of his plea agreement; the court's inclusion of CSL in the judgment of conviction violated his "rights to be present at sentencing"; and its addition after sentencing violated the double jeopardy clause.

The record evidence belies defendant's contention that he was uninformed about the CSL consequences of the plea agreement. He was aware from the "Additional Questions For Certain Sexual Offenses" portion of the plea forms then in use that he was subject to the provisions of Megan's Law, including: registration; address verification; notification to third parties of his release from incarceration or presence in the community; CSL; DNA testing and inclusion of the results in a sex-offender database. As to CSL, the form asked:

> Do you understand that if you are pleading guilty to the crime of aggravated sexual assault, sexual assault, aggravated criminal sexual contact, kidnapping pursuant to [N.J.S.A.] 2C:13-1(c)(2), endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child pursuant to [N.J.S.A.] 2C:24-4(a), luring or an attempt

to commit any such offense, the [c]ourt, in addition to any other sentence, will impose a special sentence of [CSL].

During the plea colloquy, defendant admitted he: read, wrote and understood English; reviewed the plea form with his counsel, with whom he "had enough time to talk . . . about the plea," and who explained the forms to him; understood the forms; signed them freely and voluntarily.

The record also supports that defendant discussed the ramifications of Megan's Law with his counsel. During the plea colloquy, defendant interrupted the sentencing court and asked, "With that Megan's Law, right, suppose down the line when I have kids and stuff, is there any way I can get off that?" Before defendant posed that question, the court had only mentioned that the endangering charge was a "Megan's Law violation" without further explanation. Logically, it follows that defendant knew from his discussion with counsel and his review of the plea form that he was going to be subject to Megan's Law strictures, including community supervision for life. The sentencing court thereafter synopsized some of the Megan's Law requirements which defendant indicated he understood, and asked defendant if he had any questions of the court or his counsel; defendant answered in the negative.

A-3550-17T2

Although "it is not standard procedure for a court to solely rely on a written plea form when taking a plea," State v. Williams, 342 N.J. Super. 83, 91 (App. Div. 2001), and the sentencing court did not specifically mention CSL during the plea colloquy or during sentencing, it is evident defendant was fully informed of the consequences of CSL. Not only did the sentencing court include CSL in the judgment of conviction, but defendant, in a handwritten portion of his pro se PCR petition, swore under oath:

> In Nov[ember] 1998 I pled guilty to endangering the welfare of a child[;] a part of the plea agreement was I would be sentenced to community supervision for life, I would have to [a]bide by special conditions[.] If I violated any said conditions I would be subject to a [fourth-]degree crime, I was told by my attorney . . . that C.S.L. was ran by the Parole Board but that I was [n]ot actually on parole, I would still be entitled to all of my [d]ue [p]rocess [r]ights guaranteed under the constitution. If I violated I would [b]e charged with a [fourth-]degree crime.

Contrary to defendant's contention in his merits brief that he "was never informed of CSL by anyone," the record evidences that defendant was informed by his counsel of the requirements and consequences of violating CSL. Unlike the defendant in State v. Horton, 331 N.J. Super. 92 (App. Div. 2000), which defendant analogizes to his circumstances, defendant was informed of the material aspects of CSL. See Williams, 342 N.J. Super. at 91-92 (distinguishing

6

Horton because the defendant in <u>Williams</u> "was in no way misinformed, as was Horton of the consequences of his plea, and he was informed adequately of the material aspects flowing from Megan's Law").

Defendant's other arguments regarding the imposition of CSL, including that he had the right to be present when the judgment of conviction was signed, are without sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(2). We note only that defendant was present during his sentencing and had the full opportunity to allocute. <u>R.</u> 3:21-4(b); <u>State v. Jones</u>, 232 N.J. 308, 318 (2018). Entry of the judgment of conviction was a mere ministerial act. <u>R.</u> 3:21-5. The sentence would have been illegal if CSL was not imposed, <u>Horton</u>, 331 N.J. Super. at 102; <u>see also</u> <u>State v. Schubert</u>, 212 N.J. 295, 308-11 (2012), and its inclusion in the judgment of conviction was mandatory, N.J.S.A. 2C:43-6.4(a).

From the record evidence, we conclude defendant has failed to establish "a prima facie case in support of [PCR]," <u>R.</u> 3:22-10(b); <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992), by demonstrating "the reasonable likelihood of succeeding under the test set forth in <u>Strickland v. Washington</u>,"[1] <u>Preciose</u>, 129 N.J. at 463. That test, adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987),

---

[1] 466 U.S. 668, 694 (1984).

requires a defendant to first show that counsel was deficient or made egregious errors so serious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution. Strickland, 466 U.S. at 687. A defendant must also demonstrate that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

By defendant's own admission, counsel reviewed CSL with him prior to the plea and defendant understood "the nature of community supervision for life as the functional equivalent of life-time parole," State v. Jamgochian, 363 N.J. Super. 220, 227 (App. Div. 2003). Thus, plea counsel was not deficient and made no errors so serious as to deprive defendant of his right to counsel.

Further, defendant failed to establish prejudice, which is not presumed, Fritz, 105 N.J. at 60-61, by showing "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial," State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). Without a plea agreement, defendant faced sentencing on eight counts in two separate, unrelated indictments. Although the PCR court did not account for merger of offenses, it calculated defendant's maximum exposure at thirty-eight

8

years. The plea agreement called for the dismissal of five charges and amendment of the second-degree sexual assault charge – which exposed defendant, as the plea court noted, to five to ten years in State prison "if the jury found that this girl was within those ages, [thirteen] to [sixteen], consensual or not." Furthermore, the agreement called for all sentences to be concurrent and for three-year sentences – the bottom of the third-degree range for an ordinary term, N.J.S.A. 2C:43-6(a)(3) – notwithstanding that the sentencing court found defendant's prior criminal and juvenile history to be "horrible" and that "under the circumstances, the [c]ourt could have easily given" defendant a five-year State prison sentence with a parole-ineligibility period but was "stretching to meet the plea agreement" considering it found "no mitigating factors." We agree with the PCR court that it was unlikely defendant would have rejected the three-year aggregate sentence and risked lengthy consecutive prison terms, subject to a period of parole ineligibility. Defendant, therefore, has failed to show a "reasonable probability" that the allegedly deficient performance affected the outcome. Fritz, 105 N.J. at 58.

As it concerns his plea counsel's representation, defendant has failed to meet both prongs of the Strickland-Fritz standard. We also determine, based on our review of the record, the PCR court correctly denied an evidentiary hearing

9

on the 1998 matter because defendant did not establish a prima facie case in support of his PCR application by demonstrating "the reasonable likelihood of succeeding under" the Strickland test. Preciose, 129 N.J. at 463; see also R. 3:22-10(b).

Addressing defendant's Point III argument, we discern no basis to relax the strictures of Rule 3:22-12(a)(1) which provides in pertinent part: "no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged." The Rule provides an exception: the five-year procedural bar does not apply if the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).

The rule protects two important interests. State v. Mitchell, 126 N.J. 565, 575-76 (1992). First, it prevents prejudice to the State's case as memories fade, witnesses become unavailable, and evidence is lost. Ibid. Second, it respects the finality of judgments so as to "allay the uncertainty associated with an unlimited possibility of relitigation" which prompts "those believing they have

grounds for [PCR] to bring their claims swiftly." Id. at 576. The five-year procedural bar is not absolute, but relaxation is permitted only when a defendant shows the delay in filing was due to excusable neglect or the interests of justice demand it. State v. Milne, 178 N.J. 486, 492 (2004). "The petition itself must allege the facts relied on to support the claim." Mitchell, 126 N.J. at 577. "In the context of [PCR], a court should relax Rule 3:22-12's bar only under exceptional circumstances." Mitchell, 126 N.J. at 580.

Those exceptional circumstances were not established in this case where defendant filed this PCR in October 2015, almost seventeen years after the 1998 judgment of conviction was filed. Defendant claims he established excusable neglect because he "realized the effects of the ineffectiveness of his counsel due to the ramifications of his 14-09-2429 Indictment. He filed his petition within nine months of his sentencing on Indictment Number 14-09-2429." While we have held neither lack of legal knowledge, State v. Murray, 315 N.J. Super. 535, 539, 540 (App. Div. 1998), nor lack of factual knowledge, see State v. Cummings, 321 N.J. Super. 154, 166 (App. Div. 1999), amounts to excusable neglect, as we have already noted defendant was fully aware he was on CSL when he entered his guilty plea in 1998. Further, defendant does not allege the New Jersey State Parole Board, after the completion of his three-year sentence,

failed in its duty to issue and deliver, N.J.A.C. 10A:71-6.11(g), a written certificate, outlining "the conditions of community supervision for life . . . and any special condition established by the Board panel," N.J.A.C. 10A:71-6.11(h), or failed to explain those conditions when the certificate was delivered, N.J.A.C. 10A:71-6.11(i). We find no merit to defendant's excusable neglect argument.

Nor are we convinced that the imposition of the Rule 3:22-12 time bar will result in a fundamental injustice. Defendant has not advanced any "serious question about his . . . guilt or the propriety of the sentence imposed, [nor provided] factual evidence to support it," to warrant relaxation of the bar. Mitchell, 126 N.J. at 580. In fact, there is no question about his guilt and he received a lenient sentence. Imposition of CSL was mandatory and defendant has not alleged he is innocent of the underlying charge.

We agree with the PCR court that the petition as it relates to the 1998 indictment is time-barred.

Finally, defendant has failed to establish a prima facie case that his 2014 plea counsel was ineffective. Inasmuch as defendant claims his plea counsel in that matter was ineffective for failing to investigate the validity of the imposition of CSL, and in that CSL was properly imposed, defendant's claim is without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

13